---

### WYSONG et al. v. MARSHALL et al.

(Supreme Court, Appellate Division, Second Department. June 20, 1899.)

WILL—TRUST—VESTING OF REMAINDER.

Testator devised his estate to trustees in trust for his widow during her life, and directed that upon her death it should be divided into several shares, and held in trust for the benefit of each of his daughters during 12 years after the decease of his widow, and that upon the expiration of that time the principal of each of the shares should be transferred to his daughters, but, if a daughter should die before the expiration of the 12 years, her share was to be distributed to her heirs as though she had died intestate. The will further provided that if, at the expiration of said 12 years, either of said daughters was unable or incompetent to attend to and manage her estate, then the trustees should continue to hold and manage it upon the trust for such daughter so long as such incompetency should continue, the estate of such daughter to become legally vested as if such trust were not so continued. *Held*, that the share of a daughter who was incompetent at the end of 12 years after the widow's death, became hers absolutely, subject to the trust during her incompetency, and should not be transferred to her committee, but managed by the trustees.

Appeal from judgment on report of referee.

Action by John J. Wysong and another, as trustees, against Marie Marshall and others, as trustees and committee of the person and estate of Marie Marshall. From a judgment in favor of defendants, entered on a report of a referee, plaintiffs appealed. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James C. Carter and J. McL. Nash, for appellants.

J. Frederic Kernochan, Henry F. Miller, and Egerton L. Winthrop, Jr., for respondents.

CULLEN, J. This action is brought to construe the will of John R. Marshall, who died in the city of New York on the 20th day of April, 1881, leaving a widow and three daughters, and to settle the accounts of the trustees under that will. No objection was made to the accounts rendered by the trustees, and the only question pre-

sented on this appeal is the construction of one provision of the will. The general scheme of the testator's will, so far as it is necessary to· refer to it in this discussion, was as follows:   He gave all his residuary estate to his executors and trustees in trust to apply the net income to the widow during life; upon the death of the widow to· divide the estate into several shares, one for the benefit of each daughter, and to apply the net income of each share to the benefit of the daughter during the period of 12 years after the decease of the wife, and upon the expiration of such term to transfer the principal to the daughter; but, if the daughter should die before the expiration of said period of 12 years, then the testator directed the share of the daughter so dying to be distributed among her issue, next of kin, or heirs at law, in the same manner as·if the share had been the daughter's own estate, and she had died intestate.   He made a similar disposition of the share of any daughter who might die before the decease of the widow, except that the distribution was to be made . at the widow's death.   The will then continues:   "And I further provide that if, at the expiration of the period of twelve years herein specified for the continuation of the trust or trusts in their favor, it be found by my executors or their successors that either of my said daughters is unable or incompetent to attend to and manage her estate, then they may continue to hold and manage the same upon the trust for such daughter so long as such inability or incompetency shall continue, the estate of such daughter meantime to become legally vested in like manner as if such trust were not so continued as last aforesaid."   Twelve years have elapsed since the death of the testator's widow.   All the daughters of the testator survive, and to· two of them their· shares have been paid over.   The third daughter— Marie—is of unsound mind, and· a committee has been appointed of her person and property.   The only controversy in the case is as to· the management and control of this share.   The appellants contend that the trust in the share of this daughter is continued by the will, while the respondents maintain that the trust ceased at the expiration of the term of 12 years after the widow's demise, and that the principal of Marie's share should be transferred to her committee.

. We think the intention of the testator is very clear.   Under the· will the fee in the testator's residuary property was carved into two· estates:   First, an estate in the trustees for the life of the widow, and in that of the daughter in case she should not survive the widow by the term of 12 years, or, if she should.so survive, then for the life of the widow and 12 years thereafter;   second, a remainder upon the· termination of the trust estate.   This remainder probably was vested in each daughter under our statutory definition of vested estates. Nevertheless it was subject to be devested by the death of the daughter before the expiration of the trust term.   Such being the state of the interests of the beneficiaries, the testator made the further direction that in the contingency that any daughter might, at the expiration of the trust term first provided for, be unable or incompetent to· manage her estate, the trustees might continue to hold and ·manage the same upon trust for the daughter so long as the inability or incompetency should continue, but "the estate of such daughter mean-

time to become legally vested in like manner as if such trust were not so continued as last aforesaid." There is no inconsistency between the direction that the trustees should continue to hold and manage the estate in trust for the daughter and the direction that the estate of the daughter was to become legally vested in the same manner as if the trust were not continued, if we construe the latter direction as confined solely to the corpus, or, rather, to the remainder in the trust estate. As already stated, during the continuance of the main trust provided for by the will a daughter's interest in the corpus of the estate was subject to be devested by her death at any time before the expiration of 12 years after the decease of the widow. At the expiration of the trust term, however, the shares of the daughters competent to manage their estate would be paid to them, and they would be possessed of absolute ownership of the shares. The intention of the testator was merely to put any daughter as to whom it might be necessary to continue the trust on an equal footing, as to absolute ownership, with the other daughters; that is to say, the corpus of the share was to be hers absolutely, subject to the trust, and capable of alienation either by deed or will, and not subject to be devested by her death during the extended trust term. It may be urged that, as Marie Marshall has been judicially declared of unsound mind, she is unable to dispose of the corpus of the estate. But the contingency in which the testator authorized a continuance of the trust was not confined to unsoundness of mind, but included a case where the daughter might be unable or incompetent to manage her estate for any reason,—prodigality, lack of business capacity, or the like. In such case it would be entirely fair that the daughter whose share was continued in trust should have the same right to dispose of the principal as her sisters had as to their shares, subject, however, to the trust. The construction adopted by the learned referee entirely abrogates the direction of the testator that the trust was to continue, and it is a cardinal rule in the construction of wills that effect should be given to each direction of a testator, if possible, and that every effort should be made to harmonize provisions of the will seemingly in conflict.

The judgment should be modified so as to direct that the plaintiffs, as trustees under the will of John R. Marshall, deceased, hold the share of Marie Marshall during the time she may be of unsound mind, in trust to apply the income to the use of the said Marie Marshall. Costs of all parties to be paid out of the fund. All concur.